The opinion of the court was delivered by
MoEnery, J.
The defendant was indicted for perjury, and convicted and sentenced to hard labor for one year.
The defendant appealed and relies for a reversal of the judgment upon a motion in arrest of judgment, which is based upon the following grounds:
First. Because the pretended false statement does not appear to be material upon the face of the indictment.
Second. Because the deposition or assertion made by the accused was not material to the issue pending — the pending issue being relative to the ownership of a certain cow,"and the fact that the accused swore that that cow bore the brand of one Gabriel Gonsoulin in 1882, did not, and could not, mean that he swore that the said Gabriel Gonsoulin was the owner of the animal in question.
The bill of indictment alleges, “that on the 16th day of the month of July, 1887, in the parish of Iberia, aforesaid, in the fourth ward of said parish, before A. Fenelon Dugas, a justice of the peace, duly elected, commissioned and sworn as such justice of the peace, in and for said fourth ward of said parish of Iberia, then and there holding his court in a certain cause wherein one Chas. Y. Broussard was the plaintiff, and one Homer Gonsoulin was the defendant, a certain plea and issue between the said plaintiff and the said defendant, as to the ownership of a certain cow, the subject matter of said suit, came to be tried in due form of law, etc., upon which said trial one Horace Gonsoulin then and there appeared as a witness in *581 ■said case, on the plea and issue aforesaid, and was then and there sworn according to -law, and it then and there became, and was a material question to know whether in the year 1882 the cow forming the subject matter of said suit bore the brand of one Gabriel Gonsoulin, and the grand jurors do further present, that the said Horace Gonsoulin being so sworn, as aforesaid, contriving and intending to prevent the due course of law and justice, etc., falsely, corruptly, knowingly, willingly and maliciously, did depose and swear in substance and to the effect following, that is to say, that in the year 1882, the cow, forming the subject matter of the aforesaid suit, bore the brand of one Gabriel Gonsoulin.”
The indictment distinctly charges the materiality of what was sworn to. This is sufficient. Bis. Orim. Proc., par. 924, Yol. 2 E.
It is charged in the indictment that the brand on the cow of Gabriel Gonsoulin was a material fact to prove ownership.
It is a question for the jury to determine whether there is variance between the allegation in the indictment and the proof offered to sustain it.
Judgment affirmed.